UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-844-BR

| | | |
|---|---|---|
| BYRON C. BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the 10 December 2013 motion to dismiss (DE # 3) filed by defendant United States of America ("the United States" or "the government"). The motion has been fully briefed and is ripe for disposition.

## I. BACKGROUND

Plaintiff Byron C. Briggs ("plaintiff") is a resident of Cumberland County, North Carolina. (Compl., DE # 1-1, ¶ 1.) On or about 7 October 2013, Raymond P. Lacey ("Lacey") appeared before a magistrate judge in Harnett County, North Carolina and stated that an individual named "Byron Briggs" had telephoned him on or about 4 October 2013 and communicated threats in violation of N.C. Gen. Stat. § 14-277.1. (Id. ¶ 5.) As a result, the magistrate judge issued a misdemeanor criminal summons which required plaintiff to appear in Harnett County District Court on 14 November 2013. (Id. & Ex. A.) Plaintiff had to take time off from work in order to retain counsel and attend the District Court hearing. (Id. ¶ 6.)

Plaintiff asserts that Lacey had no basis for bringing the charge of communicating threats against him. (Id. ¶ 7.) Plaintiff maintains that he did not know who Lacey was prior to the criminal summons being issued, and he insists that he has never communicated with Lacey. (Id. ¶¶ 5, 7, 19.) The District Attorney ultimately dismissed the charge against plaintiff. (Id. ¶ 6.)

On 14 November 2013, plaintiff brought a lawsuit against Lacey in the Superior Court of Cumberland County and asserted a claim for malicious prosecution under North Carolina law. (DE # 1-1.) The United States removed the action to this court on 10 December 2013. (DE # 1.) On the same date, the United States filed a "Certification of Scope of Employment and Substitution" pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly referred to as the Westfall Act, 28 U.S.C. § 2679(d). (DE # 2.) Therein, R.A. Renfer, Jr., Chief of the Civil Division, United States Attorney's Office, Eastern District of North Carolina, certifies that "defendant, Raymond P. Lacey, was acting within the official scope of his employment as United States Army Directorate Family Welfare Morale Recreation, Fort Bragg Installation, at all of the times of the incident alleged in the Complaint." (Id. at 1.) The certification further states: "This certification also is notice that this suit is deemed an action against the United States under the provisions of the Federal Tort Claims Act and the United States shall be substituted as the party defendant in lieu of the defendant Raymond P. Lacey." (Id. at 2.)

On 10 December 2013, the United States also filed a motion to dismiss, wherein it argues that plaintiff's malicious prosecution claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (DE ## 3, 4.) The United States maintains that plaintiff failed to present an administrative claim with the appropriate agency as required under the Federal Tort Claims Act, 28 U.S.C. § 2401. Plaintiff filed a response to the motion on 20 December 2013. (DE # 8.) Plaintiff challenges the certification submitted by the United States and argues that Lacey was not acting within the scope of his employment at the time of the incidents giving rise to his tort claim. The United States filed a reply on 9 January

2

2014. (DE # 10.)

## II. DISCUSSION

When a plaintiff asserts a claim against a federal employee, the Westfall Act empowers the Attorney General of the United States to certify that a defendant employee was acting within the scope of his or her employment at the time of the incident giving raise to the claim. 28 U.S.C. § 2679(d)(1); see also Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 419-20 (1995). The United States Attorneys are authorized to issue these certifications on behalf of the Attorney General. Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1152 (4th Cir. 1997). Upon certification by the Attorney General or a United States Attorney, the United States is substituted as the party defendant, and any individual employees are dismissed from the action. 28 U.S.C. § 2679(d)(1); Lamagno, 515 U.S. at 420. Once the United States is substituted as the proper party, the relevant claims are then governed by the Federal Tort Claims Act. Id.

Unless challenged by a plaintiff, the certification of the United States is conclusive evidence that the employee was acting within the scope of his or her employment at the time of the alleged wrongful acts or incidents. Gutierrez de Martinez, 111 F.3d at 1153. When a plaintiff challenges the certification, the appropriateness of substituting the United States as the defendant is subject to judicial review and is contingent on whether the court finds that the original defendant acted within the scope of his employment. Borneman v. United States, 213 F.3d 819, 825 (4th Cir. 2000); Lee v. United States, 171 F. Supp. 2d 566, 573 (M.D.N.C. 2001). The court must apply the law of the state where the tortious act occurred in determining whether a federal employee was acting within the scope of his employment. Jamison v. Wiley, 14 F.3d 222, 237 (4th Cir. 1994) ("Whether an employee's action falls within the scope of his

3

employment under the Westfall Act is to be determined according to the rules of respondeat superior of the state in which the wrongful conduct occurred.").

The alleged tort in this case occurred in North Carolina. Under North Carolina law, "[t]o be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." Troxler v. Charter Mandala Ctr., 365 S.E.2d 665, 668 (N.C. Ct. App.), disc. review denied, 371 S.E.2d 284 (N.C. 1988). "If the servant was engaged in performing the duties of his employment at the time he did the wrongful act which caused the injury, the employer is not absolved from liability by reason of the fact that the employee was also motivated by malice or ill will toward the person injured, or even by the fact that the employer had expressly forbidden him to commit such act." Wegner v. Delly-Land Delicatessen, Inc., 153 S.E.2d 804, 807-08 (N.C. 1967). In contrast, a principal "is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do." Id. at 808; see also Hogan v. Forsyth Country Club Co., 340 S.E.2d 116, 122 (N.C. Ct. App.), disc. review denied, 346 S.E.2d 140, 141 (N.C. 1986). The scope of employment question is a factual inquiry. Lee, 171 F. Supp. 2d at 574-75 (applying North Carolina law).

When a court reviews the validity of a certification filed by the Attorney General or his designee, the certification constitutes prima facie evidence, and the burden then shifts "to the plaintiff to prove, by a preponderance of the evidence, that the defendant federal employee was acting outside the scope of his employment." Gutierrez de Martinez, 111 F.3d at 1153. To satisfy this burden, a plaintiff must come forward with either "specific evidence or the forecast

of specific evidence that contradicts the Attorney General's certification decision . . . ." Id. at 1155. Mere conclusory allegations and speculation will not satisfy a plaintiff's burden. Id. Where a plaintiff comes forward with sufficient evidence to satisfy his or her burden of proof, the burden shifts back to the government, and the United States may come forward with evidence supporting its certification. Id. The Fourth Circuit Court of Appeals has recognized that this burden-shifting proof scheme may "make it advisable for the trial court to permit limited discovery or conduct an evidentiary hearing to resolve competing factual claims concerning the scope-of-employment issue." Borneman, 213 F.3d at 827. "At all stages of the process, it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual issues." Id.

The United States contends that plaintiff's complaint is "devoid [of] any verified evidence" in support of his claim that Lacey acted outside the scope of his employment. (Reply Br., DE # 10, at 5.) The court disagrees. Throughout his verified complaint, plaintiff alleges that he did not know who Lacey was until Lacey caused the criminal summons to be issued against him, that he did not telephone Lacey or communicate threats to Lacey, and that Lacey had no basis for bringing a criminal charge against him. Thus, under plaintiff's version of the facts, there is no nexus connecting the issuance of the criminal summons and Lacey's federal employment.

However, even if plaintiff's allegations are all taken as true, it is not clear that Lacey acted outside the scope of his employment under North Carolina law. See id. at 828. At this time, the only fact known about Lacey's federal employment is that he is employed by the United States Army Directorate of Family, Welfare, Morale, and Recreation at Fort Bragg, North

5

Carolina. (DE # 2 at 1.) Additional evidence is necessary in order for the court to make a decision on this issue, including where Lacey was when he received the alleged threatening telephone communication. Moreover, even if Lacey took the phone call at work, it must also be determined whether his employment responsibilities would reasonably include the filing of criminal charges. Because plaintiff maintains that Lacey is a "stranger" to him (Compl., DE # 1-1, ¶¶ 6, 17, 19), the court does not see how it would be possible for plaintiff to obtain any information regarding these matters without engaging in discovery. See, e.g., Myvett v. Williams, 638 F. Supp. 2d 59, 65 (D.D.C. 2009) ("The plaintiff . . . may not be able to 'discharge []his burden [under the Westfall Act] without some opportunity for discovery.'" (quoting Stokes v. Cross, 327 F.3d 1210, 1214 (D.C. Cir. 2003)). Bearing in mind the Fourth Circuit's admonishment that courts should "remain cognizant of the considerations weighing against protracted litigation under the Westfall Act," Borneman, 213 F.3d at 827 (citation and internal quotation marks omitted), the court nevertheless finds that due to the unusual circumstances presented in this case, it is in the interest of justice to allow limited discovery on the scope of employment issue.

Furthermore, because a question remains as to whether the United States should have been substituted as the defendant in this case, the government's motion to dismiss for failure to exhaust administrative remedies under the Federal Tort Claims Act will be denied without prejudice as premature. If the court finds that the United States was not properly substituted, then there is no exhaustion requirement; however, if the court finds that the United States is the proper defendant because Lacey was acting in the scope of his employment, then the government may renew its motion to dismiss.

6

## III.  CONCLUSION

For the foregoing reasons, the government's motion to dismiss (DE # 3) is DENIED WITHOUT PREJUDICE with leave to renew once the court has determined whether the substitution of the United States as the defendant was appropriate in this case.

The court ORDERS that the parties shall have forty-five days from the date of this order to conduct discovery limited to the scope of employment issue.  Plaintiff shall have twenty days after this deadline to file a brief to present specific evidence refuting the scope of employment certification, and the United States shall have fourteen days after the plaintiff's brief is submitted to file a responsive brief.  No hearing shall be scheduled unless the parties' written briefs demonstrate a need for one.

This 7 July 2014.

_____
W. Earl Britt
Senior U.S. District Judge