IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-844-BR

| BYRON C. BRIGGS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

This action was originally filed in the Superior Court of Cumberland County, North Carolina, against Raymond P. Lacey. On December 10, 2013, the United States removed the action to this court pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 ("Westfall Act") upon certification that Lacey was a federal employee acting within the course and scope of his employment at all times relevant to the incident alleged in Plaintiff's complaint. The United States further moved to dismiss the action for lack of subject matter jurisdiction, and Plaintiff responded to the motion challenging the government's Westfall Act certification. On June 19, 2014, the United States filed a motion to stay mediation pending the court's ruling on the government's motion to dismiss.

On July 7, 2014, an order was entered denying without prejudice the government's and ordering limited discovery on the issue of the scope of Lacey's employment. The court further established briefing deadlines for the parties to present evidence on the issue of the propriety of the government's certification. Given the court's ruling, the court finds it appropriate to stay the mediation deadlines until the parties have had an opportunity to engage in such limited discovery and, if necessary, litigate the certification issue. Accordingly, the court GRANTS the

government's motion to stay [DE #15] and ORDERS that mediation be stayed until September 15, 2014, or until such later time as the court rules upon the certification issue. In the event Plaintiff submits a brief contesting the government's certification in accordance with the court's July 7, 2014, order, the stay shall continue in effect until the court's ruling on the issue of the propriety of the government's certification. If, however, Plaintiff does not submit a brief as permitted by the court's July 7, 2014, order, the stay will automatically expire on September 15, 2014, and the parties shall, within twenty-one (21) days thereafter, file a statement in accordance with Local Civil Rule 101.1c(a) identifying the selected mediator and meeting the other applicable requirements.

This 10th day of July 2014.

_____
KIMBERLY A. SWANK
United States Magistrate Judge