UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00844-BR

| | | |
|---|---|---|
| BYRON C. BRIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the government's 7 January 2015 renewed motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (DE # 32.) On 26 January 2015, plaintiff filed a response recognizing that given the court's prior ruling dismissal is appropriate. (DE # 32.) The government has not filed a reply. Based on plaintiff's concession that dismissal is appropriate, the court concludes the filing of a reply is not necessary.

## I. BACKGROUND

Plaintiff filed an action for malicious prosecution against Raymond P. Lacey, the head of the United States Army Directorate of Family, Morale, Welfare and Recreation at Fort Bragg, on 14 November 2013 in the Superior Court of Cumberland County. (DE # 1-1.) On 10 December 2013, the government removed the action to this court, certified that Lacey was acting within the scope of his employment at all times of the incidents alleged in the complaint, and substituted itself as the proper defendant. (DE # 1; DE # 2, at 1-2.)

On the same day the government removed the action, it also filed a motion to dismiss, arguing that plaintiff's malicious prosecution claim must be dismissed because plaintiff failed to

present an administrative claim with the appropriate agency as required under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401. (DE ## 3, 4.) After briefing, the court entered an order denying the government's motion to dismiss without prejudice on 7 June 2014. (DE # 16.) The court concluded there was insufficient evidence to make a determination as to whether the substitution of the government as the defendant was appropriate in this case. (Id. at 6.) The court directed the parties to conduct limited discovery to address the scope of employment issue. (Id. at 7.)

After conducting such discovery, plaintiff filed a motion challenging the government's certification of Lacey's actions as occurring within the scope of employment. (DE # 18.) On 6 January 2015, the court ruled that substitution of the United States as the defendant was appropriate and denied the plaintiff's motion to set aside certification. (DE # 31.)

## II. DISCUSSION

The government argues that the court lacks subject matter jurisdiction and dismissal of plaintiff's suit is appropriate because plaintiff failed to comply with the administrative prerequisites to filing suit under FTCA. Once the government is substituted as the proper party-defendant, the relevant claims are then governed by the FTCA. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420 (1995). The FTCA affords a limited, conditional waiver of sovereign immunity by the United States government for the torts of federal government employees committed within the scope of employment. See 28 U.S.C. § 2671 et seq.; see also Muth v. United States, 1 F.3d 246, 249 (4th Cir. 1993).

As a prerequisite to filing suit under the FTCA, a plaintiff must first present his tort claim to the appropriate administrative agency. 28 U.S.C. § 2675(a); see McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they

2

have exhausted their administrative remedies.") "It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." Henderson v. United States, 785 F.2d 121, 123 (4th Cir. 1986). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff did not to file an administrative claim regarding the tort allegations complained of in this suit, and does not claim otherwise. Accordingly, plaintiff did not exhaust his administrative remedies regarding the tort claim asserted in this matter and this court lacks subject matter jurisdiction. Therefore, the government's renewed motion to dismiss plaintiff's complaint, (DE # 32), is GRANTED. The Clerk is DIRECTED to enter judgment and close this case.

This 2 February 2015.

_____
W. Earl Britt
Senior U.S. District Judge